IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:06CR316 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| JOSE G. VALDIVIA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on a Report and Recommendation (Filing No. 51) of a Magistrate Judge recommending that I accept the Defendant's plea of guilty. There are no objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record.

There has been some confusion as to the nature of the crime charged in Count III of the Superseding Indictment and the penalties associated with that count.[1] Count III charges a violation of 18 U.S.C. § 924(c), using and carrying a firearm during and in relation to the drug trafficking crime charged in Count I, or alternatively, possession of a firearm in furtherance of the crime charged in Count I. The penalty for a violation of 18 U.S.C. § 924(c) is "not less than 5 years." See 18 U.S.C. § 924(c)(1)(a)(i). The elements of the crime are those stated in Eighth Circuit Model Jury Instruction 6.18.924C and the accompanying notes (the elements in the body of the model instruction relate to the "possession in furtherance of" prong and must be amended to fit the "use and carry" prong

---

[1] The confusion began with the filing of the criminal cover sheet, which, in describing the corresponding count in the original Indictment, referred to the correct statute, 18 U.S.C. § 924(c), yet described the charge as "possess firearm during drug trafficking crime" and misstated the penalties associated with a § 924(c) charge.

of § 924(c)).  At the change of plea hearing the elements recited were incomplete.  (TR, at 7.)

The Magistrate Judge did refer to a five-year minimum consecutive sentence (TR, at 18), but also advised the Defendant that he faced a "possible penalty of up to five years consecutive."  (TR, at 11.)   It is apparent that the Defendant believes that he faces a maximum of forty years imprisonment based on the information stated in the plea petition and repeated to him during the plea hearing (Filing No. 55, ¶ 13(a); TR, at 18), although the maximum penalty he faces is actually life in prison.

Finally, as the maximum statutory term of imprisonment in the event of a conviction of Count III is life imprisonment, the offense is a Class A felony and therefore the statutory term of supervised release is up to five years.  18 U.S.C. §§ 3559(a)(1) & 3583(b)(1).  In both the plea agreement and the plea hearing, the Defendant was advised that he faced at least a three-year term of supervised release if he is convicted of Count III, and in the plea petition the Defendant stated that he understood he faced up to four years supervised release.  (Filing No. 49; TR, at 56; Filing No. 55, ¶ 13(a).)

Also of concern is the fact that the Defendant has not waived his right to a Spanish speaking interpreter in court, yet he discussed the plea agreement and plea petition with his attorney in English without the aid of an interpreter.  Although the Defendant stated at the change of plea hearing that he understood the documents after discussing them with his attorney, the following statement by the Defendant with respect to his command of the English language concerns the Court: "I don't understand fully, but I understand most of the things he would tell me."  (TR, at 16.)

Viewing the totality of the circumstances, the Court concludes that the Defendant did not knowingly and intelligently enter a plea of guilty to Counts I, III, IV, V and VI of the Superseding Indictment. Therefore, the change of plea hearing is continued. After defense counsel has had the Superseding Indictment, a corrected plea agreement, and a corrected plea petition interpreted by a competent Spanish language interpreter to the Defendant and discussed any questions with the Defendant through the interpreter, both counsel shall contact Edward Champion, who will and schedule a change of plea hearing before the undersigned.

IT IS ORDERED:

1. The Report and Recommendation (Filing No. 51) is overruled;

2. The Clerk shall strike the Order on Sentencing Schedule (Filing No. 52);

3. The previously held change of plea hearing is continued pending further order of the Court scheduling a further change of plea hearing before the undersigned;

4. The plea petition and plea agreement shall be corrected by interlineation and initialed by both counsel and the Defendant, after the changes are explained to him through a qualified interpreter. The government shall then file the corrected documents as the "amended petition to enter a plea of guilty" and the "amended plea agreement;"

5. After defense counsel has had the Superseding Indictment, the corrected plea agreement, and the corrected plea petition interpreted by a competent Spanish language interpreter to the Defendant and discussed any questions with the Defendant through the interpreter, both counsel shall contact

Edward Champion, who will and schedule the additional change of plea hearing;

6. Pursuant to 18 U.S.C. §§ 3161(h)(1)(I) and 3161(h)(8)(A) and 3161(h)(8)(B)(I), the time between September 6, 2007, the date of the change of plea hearing to be scheduled before the undersigned shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act.  The ends of justice have been served by granting the motion and outweigh the interests of the public and the Defendant in a speedy trial.  The failure to grant additional time could result in a miscarriage of justice; and

7. The Clerk shall send a copy of this Memorandum and Order to the U.S. Probation Office.

DATED this 6th day of September, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge