IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR316 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOSE G. VALDIVIA, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 109) filed by the Defendant, Jose G. Valdivia. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Valdivia pleaded guilty to several counts of the Superseding Indictment charging him with: possession of actual methamphetamine with intent to distribute (Count I); using and carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count III); and criminal forfeiture (Counts IV, V, and VI). As part of the plea agreement, the parties agreed that Valdivia was responsible for at least 35 but less than 50 grams of actual methamphetamine and, therefore, his base offense level should be 30.

Valdivia signed his plea petition under oath, stating: he was satisfied with his attorney's performance and had no objections to his legal representation; a plea might not result in a lower sentence; the sentence was for the judge to decide; he understood the maximum penalties; he was voluntarily pleading guilty; he wished to accept responsibility for his actions by pleading guilty; no attorney or agent of the government suggested he would receive a lighter sentence or leniency in exchange for his guilty plea; and he was pleading guilty for no reason other than his guilt. (Filing No. 55.) In presenting the facts that caused him to believe he was guilty, Valdivia stated that "[o]n or about September 2, 2006, [he] knowingly and intentionally possessed with intent to distribute methamphetamine and I also possessed a firearm in relation to that offense." (*Id.* ¶ 45.) Valdivia's answers to the Magistrate Judge's questions while he was under oath at his change of plea hearing corroborate the responses in his plea petition. (Filing No. 56.) Valdivia stated that, although he used an interpreter in court and did not use one when meeting with his attorney about the plea agreement and change of plea hearing, he understood his attorney during those conversations. (*Id.* at 22.)

Valdivia was sentenced to consecutive terms of 78 months and 60 months imprisonment on Counts I and II, respectively. Valdivia's sentence on Count I was below his guideline range of 87-108 months. On October 13, 2009, the Eighth Circuit Court of Appeals granted defense counsel's motion to withdraw and affirmed Valdivia's sentence. On appeal, Valdivia argued that his sentence was excessive and unreasonable and sought to have his attorney argue that this Court erred in finding a sufficient factual basis for his plea.

2

Valdivia timely filed his § 2255 motion, arguing: his attorney was ineffective in allowing him to plead guilty despite his actual innocence of the § 924(c) charge;[1] and his plea was involuntary because he signed the plea agreement due to threats from his attorney that if he did not sign the agreement he would have to serve a higher sentence.[2]

## DISCUSSION

In order to establish ineffective assistance of counsel, Valdivia must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

### *Innocence of § 924(c) Charge*

The record does not support Valdivia's claim that he is actually innocent of the § 924(c) charge. His sworn responses in his plea petition and during his change of plea hearing indicate he is guilty of the charge. Valdivia cannot show that his attorney was ineffective in allowing and assisting him to plead guilty. Because Valdivia cannot prove the first prong of the *Strickland* test, the Court need not address the prejudice prong. This claim is denied.

---

[1] Valdivia does not argue that he was innocent of the drug charge.

[2] Also intertwined with this claim are allegations of ineffective assistance of counsel.

*Involuntary Plea*

Valdivia claims that his attorney told him the government offered a "60-month plea" that he accepted. He then alleges that his attorney returned a few months later with a "78-month offer." He states that a few months following this discussion his attorney reappeared with a "120-month plea." Valdivia alleges that he "initially rejected" that offer and, he seems to believe that he signed the 120-month offer under threats that if he did not accept the offer it would "rise to 280 months."

Valdivia did not sign a 60-, 78- or 120-month offer. The only portion of his plea agreement that affects his sentencing guideline range is the stipulation regarding drug quantity and his base offense level, which matched the drug quantity and base offense level used in the Presentence Investigation Report. The record, consisting of Valdivia's sworn statements in his plea petition and at his change-of-plea hearing, does not support his claim. Valdivia cannot show either prong of the *Strickland* test, and this claim is denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 109);

2. Upon initial review, the Court summarily dismisses the Defendant's claims raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 21st day of September, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge